| | | |
|---|---|---|
| STATE OF SOUTH DAKOTA | ) :§ | IN CIRCUIT COURT |
| COUNTY OF YANKTON | ) | FIRST JUDICIAL CIRCUIT |

DEBRA L. SPARKS, as Personal Representative
of the Estate of George Sparks and the Estate of
Marlene Sparks,

CIV. 07-_____

      Plaintiff,

vs.

DAVID C. THOMPSON and
DAVID C. THOMPSON, P.C.

COMPLAINT

      Defendants.

      The Plaintiff, Debra L. Sparks, as personal representative of the estates of George Sparks and Marlene Sparks, for her Complaint against the above-named Defendants, David C. Thompson individually, and David C. Thompson P.C., states and alleges as follows:

## General Allegations

1.   Plaintiff Debra L. Sparks was appointed by the Circuit Court, First Judicial Circuit, Yankton County, South Dakota, Case Number Pro. 02-61, as the Personal Representative of the Estate of Marlene Sparks, deceased. Plaintiff Debra L. Sparks was also appointed by the Circuit Court, First Judicial Circuit, Yankton County, South Dakota, Case Number Pro. 98-36 as the Successor Personal Representative of the Estate of George Sparks. Prior to their deaths, George and Marlene Sparks were residents of Yankton, South Dakota.

2.   Defendant, David C. Thompson is a practicing attorney licensed in North Dakota. Defendant Thompson's primary office address is 321 Kittson Avenue, P.O. Box 5235, Grand Forks, ND 58206-5235.

3.   Defendant David C. Thompson, P.C. is a North Dakota professional corporation with an address of 321 Kittson Avenue, P.O. Box 5235, Grand Forks, ND 58206-5235.

4.   Defendant David C. Thompson and Defendant David C. Thompson, P.C. will be referred to collectively as "Thompson."

5.   During his lifetime, George Sparks worked with and was exposed to asbestos and asbestos-related materials.

6.   In 1997, George and Marlene Sparks hired Defendants to file a personal injury action in South Dakota due to the fact that George Sparks had contracted mesothelioma (a form of lung cancer) as a result of his exposure to asbestos.



EXHIBIT B

COMPLAINT
Sparks v. Thompson

7. George Sparks died on January 5, 1998. In May of 1999, Defendants filed a Complaint in Brown County, South Dakota against numerous defendants alleged to have caused George Sparks' mesothelioma (the "Complaint"). The Complaint was filed on behalf of the Estate of George Sparks by its personal representative, Marlene Sparks, and on behalf of Marlene Sparks individually. The Complaint sought survival damages for George Sparks as well as wrongful death damages for his surviving spouse.

8. Marlene Sparks died on September 23, 2002. Her estate was substituted as a plaintiff on the Complaint in 2003.

9. The Complaint named over fifty defendants. Several of the defendants named in the Complaint were never served with a summons. Additionally, several other companies were served with the summons and complaint even though they were not named as defendants in the Complaint. Finally, some of the defendants named in the Complaint had already settled with the Sparks family.

10. The "work history" prepared by George Sparks clearly identified that he worked on "Kewanee Boilers" in 1964 at the hospital in Parkston, South Dakota. Mr. Sparks also identified "Kewanee" as one of the asbestos-containing products he could recall working on during his deposition which was taken in Yankton, South Dakota on July 22 and 23, 1997.

11. Prior to 1970, Kewanee Boilers were manufactured by American Standard, Inc. After that time, American Standard sold its boiler business to a separate corporation called Kewanee Boiler Corporation. Kewanee Boiler Corporation was later renamed Oakfabco, Inc. Despite these facts which were known by Thompson at the time the original suit was filed, Thompson did not name American Standard as a defendant in the Complaint. Defendants named "Kewanee Corporation (OakFabCo, Inc.)" in the Complaint. Because the boilers in the Parkston hospital and elsewhere were made prior to 1970, naming the later corporations did not preserve Plaintiff's claim against American Standard.

12. A reasonable investigation of the work history provided by George Sparks also reveals that he was exposed to certain asbestos containing products manufactured by CertainTeed Corporation and asbestos containing boilers manufactured by Burnham Corporation and the Weil-McLain Company. None of these companies were named as defendants in the Complaint.

13. In June of 2002, Deb Sparks notified Defendants that Marlene Sparks had been diagnosed with terminal cancer. She asked Defendants to contact Marlene about the litigation. In particular, Defendants were reminded that Marlene's deposition had not yet been taken and that Defendants should consider doing it soon given her terminal condition.

2

14. Thompson never responded to the June, 2002 letter sent by Deb Sparks. Marlene Sparks died three months letter. Her deposition was never taken, and her knowledge of the products to which George Sparks had been exposed was lost.

15. Throughout the time Thompson acted as counsel, the Sparks family made numerous attempts to contact Thompson to get information regarding the status of the lawsuit. Following Marlene Sparks' death, several communication attempts were made through her estate to get information from Thompson regarding the status of the lawsuit. Months went by before any responses were received and even then the requested information was not provided.

16. Thompson filed the lawsuit in Aberdeen, South Dakota which is nearly 200 miles from Yankton, South Dakota. None of the underlying acts took place in Aberdeen. Upon information and belief, Plaintiff does not believe that George or Marlene Sparks were consulted about the propriety of filing in Brown County.

17. Plaintiff ultimately terminated Thompson and sought alternative counsel. The case was then moved to Yankton County and amended complaints naming American Standard, Burnham, CertainTeed Corporation and Weil-McLain were filed. Because American Standard, Burnham, and Weil-McLain had not been named in the original Complaint, however, they were dismissed on statute of limitations grounds. CertainTeed Corporation has not been dismissed at this time, however, it is anticipated it will likely be dismissed as well.

18. Venue in Yankton County, South Dakota is proper pursuant to SDCL 15-5-6 because none of the defendants reside in South Dakota and a substantial portion of the underlying actions took place in Yankton County.

19. Personal jurisdiction over defendants in Yankton County and South Dakota is proper due to their legal representation of George and Marlene Sparks in this state.

## COUNT ONE
## LEGAL MALPRACTICE

20. Plaintiff realleges and incorporates by reference all preceding paragraphs.

21. In November or December of 1997, George and Marlene Sparks retained Defendants to represent them in their claims against various asbestos manufacturers.

22. By accepting this case, Defendants created an attorney-client relationship with George and Marlene Sparks.

3

COMPLAINT
Sparks v. Thompson

23. The attorney-client relationship between George and Marlene Sparks and Defendants imposed a duty upon Defendants to act zealously and competently in the Plaintiff's best interests with the reasonable care, skill, and diligence possessed and exercised by an ordinary attorney in similar circumstances.

24. Reasonable care, skill, and diligence includes properly investigating the claim, communicating with the client and filing suit against all appropriate companies who produced asbestos containing products that the decedent, George Sparks, may have been exposed to during his career.

25. Defendants negligently failed to name four companies: Burnham Holdings, Inc. (or one of its subsidiaries); Weil-McLain Company, Inc., CertainTeed Corporation and American Standard, Inc. The fact that George Sparks had been exposed to asbestos containing products made by these manufacturers was actually known by Thompson or would have been easily discoverable had Thompson conducted an appropriate factual investigation of this case.

26. Defendants breached their duty to Plaintiff in multiple ways, including:

a. failing to properly investigate the claims to identify appropriate defendants;
b. failing to sue appropriate defendants within the statute of limitations;
c. failing to properly serve defendants properly named in the Complaint;
d. serving "defendants" not named in the Complaint;
e. failing to move the litigation forward in a timely manner;
f. failing to properly communicate with the client; and
g. failing to obtain critical testimony from Marlene Sparks prior to her death, even though Defendants were aware of her terminal cancer.

27. As a result of Defendants' breaches of duty, Plaintiff sustained injury and loss. Plaintiff's injury includes the loss of a verdict, settlement, or award, and interest that George Sparks and Marlene Sparks would have recovered but for Defendants' negligence.

## Prayer for Relief

WHEREFORE, Plaintiff respectfully prays for the following relief:

1. An award of actual damages to compensate Plaintiff for her losses resulting from Defendants' malpractice in an amount to be determined at trial;

2. Costs, disbursements, pre-and post-judgment interest; and

3. For any other and further relief which the Court deems just and proper.

4

COMPLAINT
Sparks v. Thompson

---

Dated this 7th day of February, 2007.

*[signature]*

Michael F. Marlow
Sheila S. Woodward
Johnson, Miner, Marlow, Woodward & Huff, Prof. LLC
200 West Third Street
PO Box 667
Yankton, SD 57078
E-mail: mike@jmmwh.com
Telephone: (605)665-5009
Facsimile: (605)665-4788

Attorney for Plaintiff